IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DANIEL GUERRERO, *on behalf of himself* )
*and all others similarly situated*,                )
                                                                      )
                                    Plaintiff,        )    Case No.
                                                                      )
            vs.                                             )    **CLASS ACTION COMPLAINT**
                                                                      )    **AND JURY DEMAND**
FIRST NATIONAL COLLECTION                 )
BUREAU, INC. AND PINNACLE             )
CREDIT SERVICES, LLC,                         )
                                                                      )
                                    Defendants.     )

## NATURE OF ACTION

1.      Plaintiff Daniel Guerrero ("Plaintiff") brings this class action on behalf of himself and all others similarly situated against Defendants First National Collection Bureau, Inc. ("FNCB") and Pinnacle Credit Services, LLC ("Pinnacle") (collectively, "Defendants") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION, VENUE, AND STANDING

2.      This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendants transact business in this district.

4.      Congress is "well positioned to identify intangible harms that meet minimum Article III requirements," thus "Congress may 'elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law.'" *Spokeo, Inc. v.*

*Robins*, 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016) (quoting *Lujan v. Defs of Wildlife*, 504 U.S. 555, 578 (1992)).

5.      "Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016) (quoting 15 U.S.C. § 1692(b)). Thus, a debt collector's breach of a right afforded a consumer under the FDCPA causes an injury in fact for Article III standing, even where the harm may be intangible. *See id.*; *Church v. Accretive Health, Inc.*, 654 F. App'x 990, 995 (11th Cir. 2016).

## THE FAIR DEBT COLLECTION PRACTICES ACT

6.      Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

7.      To protect consumers and ensure compliance by debt collectors, "the FDCPA is a strict liability statute." *Johnson v. Riddle*, 305 F.3d 1107, 1122 (10th Cir. 2002).

8.      The FDCPA is a "remedial statute," and so "should be construed liberally in favor of the consumer." *Riddle*, 305 F.3d at 1117.

9.      "A single violation of the FDCPA is sufficient to state a claim." *Soren v. Equable Ascent Fin., LLC*, No. 2:12-CV-00038, 2012 WL 2317362, at *2 (D. Utah June 18, 2012) (citing *Taylor v. Perrin*, 103 F.3d 1232, 1238 (5th Cir.1997)). "Plaintiffs who prove a

violation of the FDCPA are entitled to statutory damages irrespective of the ability to prove actual damages." *Id.*

10.    Whether a collection letter violates the FDCPA is assessed under the least sophisticated consumer standard.   "[T]he courts consider 'how the least sophisticated consumer—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer—understands the notice he or she receives." *Kalebaugh v. Berman & Rabin, P.A.*, 43 F. Supp. 3d 1215, 1220 (D. Kan. 2014) (quoting *Ferree v. Marianos*, 129 F.3d 130, 1997 WL 687693, at *1 (10th Cir. Nov. 3, 1997); *see also Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993) ("The basic purpose of the 'least-sophisticated consumer' standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd.").

## PARTIES

11.    Plaintiff is a natural person who at all relevant times resided in the State of Kansas, County of Shawnee, and City of Topeka.

12.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

13.    FNCB is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

14.    FNCB is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

15.    Pinnacle is an entity who acquires debt in default merely for collection purposes, and who at all relevant times was engaged, by use of the mails and telephone, in the business of directly or indirectly attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

16.      Pinnacle is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

17.      Plaintiff is a natural person allegedly obligated to pay a debt.

18.      Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a personal Verizon Wireless account (the "Debt").

19.      FNCB uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

20.      FNCB regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

21.      Pinnacle uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

22.      Pinnacle purchases defaulted debts from creditors, which it then, either directly or through third parties, seeks to collect from the consumer for its own profit.

23.      The principal purpose of Pinnacle's business is debt collection.

24.      Pinnacle has no other substantial business purpose except to purchase debt and profit from collected debts.

25.      Pinnacle acquired Plaintiff's Debt after it was alleged to be in default.

26.      At all relevant times, FNCB acted on behalf of Pinnacle to collect or attempt to collect the Debt from Plaintiff.

27.      In connection with the collection of the Debt, FNCB, itself and on behalf of Pinnacle, sent Plaintiff a letter dated January 20, 2018.

4

28.    A true and accurate copy of the January 20, 2018 letter is attached as Exhibit A.

29.    The letter first threatens that Pinnacle may report the Debt to the credit bureaus if Plaintiff does not make payment: "Please note that a negative credit bureau report reflecting on your credit record may be submitted to a credit reporting agency by the current account owner if you fail to fulfill the terms of your credit obligations." Exhibit A.

30.    The letter then makes a second threat regarding Pinnacle's credit reporting: "If you do not pay the debt, Pinnacle Credit Services, LLC may report or continue to report it to the credit reporting agencies as unpaid." Exhibit A.

31.    The letter then states that "First National Collection Bureau, Inc. cannot sue you on this debt, and First National Collection Bureau, Inc. cannot credit report this debt." Exhibit A.

32.    The letter's statements about credit reporting are in absolute conflict.

33.    The letter conveys both that the Debt may be legally reported to the credit reporting agencies and that it may not be legally reported to the credit reporting agencies.

34.    Upon receiving the letter, the least sophisticated consumer would be unsure whether the Debt could be reported to the credit bureaus.

## CLASS ALLEGATIONS

35.    Plaintiff repeats and re-alleges all factual allegations above.

36.    Defendants' January 20, 2018 letter is based on a form or template used to send collection letters (the "Template").

37.    FNCB has used the Template to send collection letters to over 40 individuals in the State of Kansas within the year prior to the filing of the original complaint in this matter.

38.     FNCB has used the Template to send collection letters to over 40 individuals in the State of Kansas within the year prior to the filing of the original complaint in this matter, in effort to collect debt owed to Pinnacle.

39.     Plaintiff brings this action on behalf of himself and all others similarly situated. Specifically, Plaintiff seeks to represent the following class of individuals:

> All persons with a Kansas address to whom FNCB sent a letter based on the Template within one year before the date of the original Complaint in connection with the collection of a consumer debt allegedly owed to Pinnacle.

40.     The class is averred to be so numerous that joinder of members is impracticable.

41.     The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery.

42.     The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendants.

43.     There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) the existence of Defendants' identical conduct particular to the matters at issue; (b) Defendants' violations of the FDCPA; (c) the availability of statutory penalties; and (d) attorneys' fees and costs.

44.     Plaintiff's claims are typical of those of the class he seeks to represent.

45.     The claims of Plaintiff and of the class originate from the same conduct, practice, and procedure on the part of Defendants. Thus, if brought and prosecuted individually, the claims of the members of the class would require proof of the same material and substantive facts.

46.    Plaintiff possesses the same interests and has suffered the same injuries as each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

47.    Plaintiff will fairly and adequately protect the interests of the class and has no interests adverse to or which directly and irrevocably conflict with the interests of other members of the class.

48.    Plaintiff is willing and prepared to serve this Court and the proposed class.

49.    The interests of Plaintiff are co-extensive with and not antagonistic to those of the absent class members.

50.    Plaintiff has retained the services of counsel who are experienced in consumer protection claims, as well as complex class action litigation, will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members.

51.    Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(A) and 23(b)(1)(B). The prosecution of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class who are not parties to the action or could substantially impair or impede their ability to protect their interests.

52.    The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class, which would establish incompatible standards of conduct for the parties opposing the classes. Such incompatible standards of conduct and varying adjudications, on what would necessarily be the same essential facts, proof and legal theories, would also create and allow the existence of inconsistent and incompatible rights within the class.

53.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) in that Defendant has acted or refused to act on grounds generally applicable to the class, making final declaratory or injunctive relief appropriate.

54.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the questions of law and fact that are common to members of the class predominate over any questions affecting only individual members.

55.     Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint in that: (a) individual claims by the class members will be impracticable as the costs of pursuit would far exceed what any one plaintiff or class member has at stake; (b) as a result, very little litigation has commenced over the controversies alleged in this Complaint and individual members are unlikely to have an interest in prosecuting and controlling separate individual actions; and (c) the concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692e
## FNCB

56.     Plaintiff repeats and re-alleges each factual allegation contained above.

57.     The FDCPA creates a broad, flexible prohibition against the use of misleading, deceptive, or false representations in the collection of debts.  *See* 15 U.S.C. § 1692e; *Hamilton v. United Healthcare of Louisiana, Inc*., 310 F.3d 385, 392 (5th Cir. 2002) (citing legislative history reference to the FDCPA's general prohibitions which "will enable the courts, where appropriate, to proscribe other improper conduct which is not specifically addressed").

58.     FNCB violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of the Debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that FNCB violated 15 U.S.C. § 1692e with respect to Plaintiff and the class he seeks to represent;

c) Awarding Plaintiff, and the class he seeks to represent, actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i);

e) Awarding such amount as the Court may allow for all other class members, without regard to a minimum individual recovery, in the amount of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f) Awarding Plaintiff, and the class he seeks to represent, reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

g) Awarding Plaintiff, and the class he seeks to represent pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e
### Pinnacle

59.     Plaintiff repeats and re-alleges each factual allegation contained above.

60.     FNCB violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of the Debt.

61.     Pinnacle, by virtue of its status as a "debt collector" under the FDCPA, is liable for the conduct of FNCB—the debt collector it retained to collect on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Pinnacle violated 15 U.S.C. § 1692e with respect to Plaintiff and the class he seeks to represent;

c) Awarding Plaintiff, and the class he seeks to represent, actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i);

e) Awarding such amount as the Court may allow for all other class members, without regard to a minimum individual recovery, in the amount of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f) Awarding Plaintiff, and the class he seeks to represent, reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

g) Awarding Plaintiff, and the class he seeks to represent pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem proper.

**COUNT III**
**VIOLATION OF 15 U.S.C. § 1692e(2)(A)**
**FNCB**

62.    Plaintiff repeats and re-alleges each factual allegation contained above.

63.    Included as an example of conduct that violates section 1692e is the false representation of the character, amount, or legal status of a debt.  15 U.S.C. § 1692e(2)(A).

64.    Thus, the plain-language of the FDCPA makes it clear that under the strict liability framework, any false representation as to the amount of the debt is sufficient to show a violation of the FDCPA.  *See Randolph v. IMBS, Inc.*, 368 F.3d 726, 730 (7th Cir. 2004) ("§ 1692e(2)(A) creates a strict-liability rule. Debt collectors may not make false claims, period."); *see also Turner v. J.V.D.B. & Associates, Inc.*, 330 F.3d 991, 995 (7th Cir. 2003) ("under § 1692e ignorance is no excuse").

65.    FNCB violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of the Debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)   Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b)   Adjudging that FNCB violated 15 U.S.C. § 1692e(2)(A) with respect to Plaintiff and the class he seeks to represent;

c)   Awarding Plaintiff, and the class he seeks to represent, actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)   Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i);

e)  Awarding such amount as the Court may allow for all other class members, without regard to a minimum individual recovery, in the amount of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f)  Awarding Plaintiff, and the class he seeks to represent, reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

g)  Awarding Plaintiff, and the class he seeks to represent pre-judgment and post-judgment interest as permissible by law; and

h)  Awarding such other and further relief as the Court may deem proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)
### Pinnacle

66.  Plaintiff repeats and re-alleges each factual allegation contained above.

67.  FNCB violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of the Debt.

68.  Pinnacle, by virtue of its status as a "debt collector" under the FDCPA, is liable for the conduct of FNCB—the debt collector it retained to collect on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b)  Adjudging that Pinnacle violated 15 U.S.C. § 1692e(2)(A) with respect to Plaintiff and the class he seeks to represent;

c)   Awarding Plaintiff, and the class he seeks to represent, actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)   Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i);

e)   Awarding such amount as the Court may allow for all other class members, without regard to a minimum individual recovery, in the amount of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f)   Awarding Plaintiff, and the class he seeks to represent, reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

g)   Awarding Plaintiff, and the class he seeks to represent pre-judgment and post-judgment interest as permissible by law; and

h)   Awarding such other and further relief as the Court may deem proper.

**TRIAL BY JURY**

69.    Plaintiff is entitled to and hereby demands a trial by jury. Plaintiff requests that trial be held in Kansas City, Kansas.

Dated: July 25, 2018

                                          Respectfully submitted,

                                          /s/ Anthony LaCroix
                                          Anthony LaCroix
                                          KS Bar No. 24279
                                          406 W. 34th Street, Suite 810
                                          Kansas City, MO 64111
                                          Telephone:  (816) 399-4380
                                          Fax:  (816) 399-4380
                                          Email:  tony@lacroixlawkc.com
                                          Attorney for Plaintiff

Correspondence Address:
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206